# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYMOND GILL | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-13-3071 |
| UNITED STATES OF AMERICA, STATE OF MARYLAND, BALTIMORE CO. DEPT. OF CORRECTION CAPTAIN R. AIREY, DIRECTOR D. RICHARDS, DEPUTY DIRECTOR T. FITZGERALD, CORR. MAJOR B. FLANIGAN, PROGRAMS MGR SHARON TYLER, CORRECTIONAL CAPTAINS, LIEUTENANTS, SERGEANTS, and ARAMARK FOODS | * | |
| Defendants | | |

***

## **MEMORANDUM**

The above-captioned civil rights complaint was filed on October 11, 2013. Plaintiff did not pay the filing fee, nor did he file a motion to proceed in forma pauperis. Because the complaint must be dismissed, plaintiff will not be required to correct the deficiency.

Plaintiff is confined at the Baltimore County Detention Center (BCDC) in Towson, Maryland. He was arrested on charges of armed robbery and related offenses on September 6, 2013. He asserts that since the date of his arrest he has been allowed to use the law library at BCDC only once and he has been "denied clear paper, typewriter, envelopes, law books, . . . [and] time to research pending case," which he claims is a violation of his constitutional rights. Plaintiff alleges there is a thirty day waiting period to use the law library and the rest of the services are provided through the mail. He claims there are delays in receiving requested

materials and that he is forced to file "writs, complaints, [and] statements of facts" on lined paper in handwriting. ECF No. 1 at pp. 1 – 2. Plaintiff also claims his constitutional rights are violated when BCDC officers retain envelopes that legal mail comes in and read legal mail prior to delivering it to inmates. Plaintiff further claims officers read his mail from this court on one occasion. *Id*. at pp. 2 – 3.

Plaintiff asserts he was denied his right to be represented by an attorney in his state criminal case when he was not provided a public defender during a preliminary hearing. He states the public defender's office now has a conflict of interest in his case due to their failure to provide him with an attorney. He states this entitles him to have the pending charges vacated and set aside. *Id*. at p. 3.

Lastly, plaintiff claims that the food service provider for BCDC, Aramark, violates FDA standards in food preparation and delivery. He claims food is always delivered cold and the trays used to serve the food are dirty. Additionally, he asserts Aramark will not publish menus due to the fact they simply wish to substitute "whatever they want," without regard to the menu. Plaintiff states the kitchen "must be investigated for just cause" and claims that due to the poor quality of food served he and other inmates are "force to buy food" from the commissary at inflated prices. Plaintiff adds that the food does not meet nutritional values set by the FDA and that Aramark will not provide nutritional information for the food served. *Id*. at pp. 3 – 5.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Additionally, under 28 U.S.C. §1915(g), *in forma pauperis* status may not be granted to a prisoner who has "on 3 or

more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant complaint must be dismissed for failure to state a claim on which relief may be granted.

With regard to plaintiff's claims about access to the law library, legal materials, and legal mail, he has stated no actual injury.[1] "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), quoting *Lewis, v. Casey*, 518 U. S. 343, 355 (1996). "The requirement that an inmate alleging a violation of *Bounds*[2] must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id*. at 352-352. Plaintiff's general dissatisfaction with the availability of resources and his disagreement with the manner legal mail is delivered and the policy regarding envelopes, without even an allegation that he has suffered an injury as a result, are not cognizable claims.

Plaintiff's claim regarding representation during his criminal preliminary hearing is a matter over which this court has no jurisdiction. To the extent plaintiff seeks mandamus relief in the form of dismissal of charges pending against him that matter is pending before the Circuit Court for Baltimore County, Maryland. As a matter of comity, this court will not intervene in a

---

[1] Plaintiff makes no claim that he is not now represented by counsel in his pending criminal case.

[2] *Bounds v. Smith*, 430 U. S. 817 (1977).

matter that the State courts have not had an opportunity to address. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

With respect to plaintiff's claims regarding the food service at BCDC, he has failed to allege a cognizable injury. The inquiry with respect to the conditions alleged is whether or not those conditions amount to punishment of a pre-trial detainee because due process proscribes punishment of a detainee before proper adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[N]ot every inconvenience that is encountered during pre-trial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988). A particular restriction or condition of confinement amounts to unconstitutional punishment in violation of the Fourteenth Amendment if it is imposed by prison officials with the express intent to punish or it is not reasonably related to a legitimate, non-punitive goal. *Bell*, 441 U.S. at 538-39 (restrictions or conditions that are arbitrary or purposeless may be considered punishment). Plaintiff's assertions regarding the food service fall short of describing conditions that amount to punishment; thus, the claim is subject to dismissal.

For the reasons stated, this case will be dismissed by separate order. Because the complaint is dismissed for failure to state a claim upon which relief may be granted, the Clerk will be directed to issue a "strike" against plaintiff.

   October 23, 2013                                    /s/
Date                                                    J. Frederick Motz
                                                          United States District Judge